Luis Santaella y Robert H. Prann, peticionarios y apelantes, *v.* Lucía Purón Marcos et als., demandados y apelados.

Núm. 8167.—*Sometido:* Mayo 1, 1942. *Resuelto:* Junio 10, 1942.

*Orlando J. Antonsanti,* abogado de los apelantes; *R. Díaz Collazo,* abogado de los apelados.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Éste es un incidente de desacato por violación al auto de *injunction* a que se contrae la opinión dictada en el día de hoy bajo el mismo título (ante, pág. 552).

Los demandantes en el citado caso núm. 8216 de este tribunal, con fecha 21 de junio de 1939 radicaron una moción en la corte inferior solicitando la expedición de una orden dirigida a los demandados para que mostrasen causas por las cuales no debían ser castigados por desacato. Consistía la violación de la orden en que según los demandantes, después de expedido y notificado el injunction permanente en el caso principal, los demandados continuaron empañetando las paredes Norte y Oeste del edificio a que dicho caso se refiere, situadas a menos de tres metros de los frentes del solar, y además abrieron en dichas paredes nuevos huecos, construyeron marcos y colocaron ventanas en los mismos, todo ello en abierta violación al auto de injunction.

Expedida la orden para mostrar causa, comparecieron los demandados y radicaron una contestación negando los hechos imputádosles, y oída la prueba de una y otra parte la corte, con fecha 24 de junio de 1939, absolvió a los demandados del cargo de desacato, dictando al efecto la siguiente resolución:

"La corte por la apreciación que ha hecho de toda la prueba presentada por las partes, considera que los demandados no han violado el auto de injunction dictado en este caso, y como consecuencia declara sin lugar la moción de desacato presentada por los demandantes, y deja sin efecto el entredicho dictado."

Empero, de la declaración de los testigos Rafael Queipo y José M. Canals, por parte de los demandantes apelantes, y del testigo Enrique de J. Tizol, arquitecto y contratista de la obra, quien declaró por los demandados apelados, concluyentemente resulta que después de dictado y notificado a los demandados el auto de injunction, en desobediencia al mismo continuaron realizando los trabajos a que anteriormente he-

mos hecho referencia. A este efecto declaró el ingeniero Sr. José M. Canals:

" . . . que desde el día 30 de mayo de 1939 al día 23 de junio de 1939 se había variado la forma de dicho edificio, se habían construído marcos de ventanas y se habían abierto huecos de ventanas que antes no existían, se habían removido formaletas y se habían empañetado las paredes, que en la parte Oeste del edificio que da a la Calle Miramar se había construído un muro relleno que partía de la pared Oeste del edificio que da a là calle Miramar y continuaba hasta la colindancia del solar con la acera de dicha calle; que con anterioridad a dicha fecha había visitado dicha obra en varias ocasiones sin observar las construcciones à que arriba hace relación."

De la declaración del Sr. Tizol tomamos lo siguiente:

" . . . preguntado si recuerda haber dicho que después que terminara el empañetado por dentro iba a empañetar por fuera y a poner ventanas y puertas y marcos, respondió que sí y las ha ido poniendo de acuerdo con el abogado; que ha puesto ventanas en las paredes que dan a la Avenida Miramar; preguntado si el muro estaba allí para el 7 de junio de 1939 declara que no, que se puso allí la semana pasada; mostrándosele las fotografías *exhibits* 13 y 14 se le pide al testigo que muestre si ése es el estado en que estaba el edificio actualmente y dijo que sí, indicando dónde estaba el muro; mostrándosele otras fotografías de fecha 30 de mayo se le pide que diga si ése es el estado en que estaba el edificio para dicha fecha y declara que sí y explica que cuando la obra estaba en este estado, refiriéndose a las fotografías del 30 de mayo, que estaba completamente lleno todo, que cuando vino la orden de la corte no se podía trabajar en la parte que no estuviera a tres metros, que entonces bajó todas las formaletas y que el Sr. Antonsanti estuvo por allí y no hizo objeción alguna a eso; que entonces limpió el frente del edificio y que entonces ignoraba el alcance de la sentencia; que los marcos se hicieron fuera del edificio y que todos los marcos ya existían en los huecos de las ventanas para el 30 de mayo. Se le muestra una fotografía del 30 de mayo y especialmente la parte de ella que muestra el cuarto piso y entonces al indicársele que no mostraba más que dos huecos responde que están tapadas por la formaleta y explica que para esa fecha existían los huecos pero que las formaletas no se habían quitado."

Considerada esta prueba, no cabe duda de que los demandados violaron el auto de injunction permanente dictado el 9 de junio de 1939, notificádoles en igual fecha, y siendo ello así, *procede declarar con lugar el recurso, revocar la resolución apelada que dictó la Corte de Distrito de San Juan, y devolverse el caso a la corte de distrito de su origen para que dicte sentencia condenando a los demandados por desacato.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Todd, Jr., no intervinieron.